MAK



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GIOVANNI TRIPODI** **Plaintiff** | : | 18 2482 |
| **v.** | : | **Case No.** ____________ |
| **JEFF B. SESSIONS, Attorney General of the United States; THOMAS E. BRANDON, Deputy Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives** **Defendants** | : | |

FILED
JUN 1 4 2018
KATE BARKMAN, Clerk
By ________ Dep. Clerk

**COMPLAINT**

NOW COMES Plaintiff Giovanni Tripodi, by and through undersigned counsel and complains of Defendant as follows:

THE PARTIES

1. Plaintiff Giovanni Tripodi is a natural person and citizen of Pennsylvania and of the United States, residing in Philadelphia County, Pennsylvania. Plaintiff Tripodi presently intends to purchase and possess a handgun and/or a long gun for hunting and/or self-defense within his own home but is prevented from doing do only by defendant's active enforcement of clearly unconstitutional, Second Amendment policies complained of in this action.

2. Defendant Jeff B. Sessions is sued in his capacity as the Attorney General of the United States. As Attorney General, Mr. Sessions is responsible for executing and administering laws, customs, practices and policies of the United States and is presently enforcing the laws, customs, practices and policies complained of in this action.

3. Deputy Director Thomas E. Brandon is sued in his capacity as the Official of the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE). As an Official of BATFE, Mr. Brandon is responsible for executing and administering laws, customs, practices and policies of the United States and is presently enforcing the laws, customs, practices and policies complained of in this action.

JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201 and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district within the Eastern District of Pennsylvania.

STATEMENT OF FACTS

6. Plaintiff Giovanni Tripodi was born on August 14, 1966 and is not under Indictment nor investigation or inquiry for any kind of alleged, criminal offense, felony or misdemeanor. Said plaintiff is not involved in any domestic violence litigation nor is he a fugitive from justice and is not an unlawful user, seller or manufacturer of any controlled substances and has never been adjudicated a mental defective or committed to a mental institution. Said plaintiff has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship and has never been the subject of any restraining order relating to an intimate partner, friend or family member.

7. On or about July 22, 2005, some thirteen years ago, the plaintiff was convicted in Federal Court of conspiracy relating to his admitted purchase of approximately $15,000 in alleged

stolen tools. This crime did not involve any violence, organized crime, weapons, narcotics, terrorism and was simply an acquisition of items that had previously been obtained by others in an illicit matter.

8. This prosecution in the Eastern District of Pennsylvania resulted in a plea of guilty, a two year probation sentence and a fine of $20,000. Plaintiff immediately paid the entire $20,000 fine and completed the sentence of probation on July 22, 2007 in full compliance of probation. Plaintiff did not appeal the aforesaid the Federal, criminal case.

9. Plaintiff Tripodi acknowledges that his earlier behavior, some thirteen years ago, was wrong and illegal. He has, since that time, been gainfully employed in the construction business running his own small but successful company in South Philadelphia, has raised a number of children, is married and supports his family. Plaintiff has not been convicted of any further criminal offense.

10. Plaintiff Tripodi's conviction currently disables him from possessing firearms pursuant to 18 Pa. C.S. § 6105(a) and, as interpreted by the government and their predecessors, more significantly, 18 U.S.C. § 922(g)(1).

*Defendant's Regulatory Scheme*

11. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by a person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

12. Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime

punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

13. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of Firearms, must complete "Form 4473, Firearms Transaction Record Part 1 - Over-The-Counter," administered under Defendant's authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

14. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answers "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 1. Of the 10/;98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May 2001, Issue I at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited November 11, 2013).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the license has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no

> reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited November 11, 2013).

*Defendant's Thwarting of Plaintiff's Presently Intended Transactions*

15. Plaintiff Giovanni Tripodi desires and intends to possess firearms for self-defense and for defense of his family.

16. Owing to the conviction, Tripodi is prohibited by Defendants from following through with his intent to obtain a firearm, based on Defendant's interpretation and enforcement of 18 U.S.C. §§ 921(a)(20)(B) and 922(g)(1).

17. Tripodi refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

18. Tripodi refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine and incarceration at Defendant's instigation and direction, for violating 18 U.S.C. § 922(g)(1).

COUNT ONE
DECLARATORY AND INJUNCTIVE RELIEF
INTERPRETATION OF 18 U.S.C. §§ 921(a)(2)(B), 922(g)(1)

19. The allegations of this Complaint are incorporated herein by reference as though fully

set forth herein.

20. Giovanni Tripodi is entitled to declaratory and injunctive relief barring Defendants from enforcing 18 U.S.C. § 922(g)(1) against him on account of his conviction.

COUNT TWO
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

21. The allegations of the earlier paragraphs herein are incorporated by reference as though set forth herein.

22. Tripodi is a responsible, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms that an average, law-abiding responsible citizen. Plaintiff Tripodi is unlikely to act in a manner dangerous to public safety and his possession of firearms would not be contrary to the public interest.

23. On account of plaintiff Tripodi's unique personal circumstances and the fact that the earlier Federal conviction is aged, for a non-violent crime and did not embrace any incarceration, coupled with the plaintiff's law abiding record over the years prohibiting him from possession of firearms it poses an unconstitutional provision against Tripodi and the continued imposition of a firearm exclusion is unconstitutional as applied to this particular plaintiff, herein, in violation of the Second Amendment right to bear arms.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgement be entered in his favor and against Defendants as follows:

1. A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against plaintiff Giovanni Tripodi on account of his 2005 Federal, non-violent sole conviction under 18 U.S.C. § 371.

2. A declaration that application of 18 U.S.C. § 922(g)(1) against plaintiff Giovanni Tripodi violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against plaintiff Giovanni Tripodi on the basis of his 2005 conviction in Federal court for

4. Costs of suit;

5. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

6. Any other further RELIEF as the Court deems just and appropriate.

Dated: June 12, 2018

Respectfully Submitted,

By: ______________________

**JEFFREY M. MILLER, ESQUIRE**
**Law Offices of Nasuti and Miller**
**The Public Ledger Building, Suite 1064**
**Philadelphia, PA 19106**
**215-829-1101/215-829-1105 (fax)**
**jmiller@nasutiandmiller.com**
**Attorney for Plaintiff**